# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,

    Plaintiff,

v.

DEL WEBB COMMUNITIES, INC., *et al*.,

    Defendants.

Case No. 2:12-CV-00674-KJD-CWH

**ORDER**

    Before the Court is the Plaintiff St. Paul Fire and Marine Insurance Company's Motion for Summary Judgment (#12). Defendants Del Webb Communities, Inc. and Terravita Home Construction Company have filed a response (#17) and Plaintiff has filed a Reply (#19).

    Also before the Court is Defendants' Motion to Dismiss (#14). Plaintiff has filed a response (#16) and Defendants have filed a reply (#18).

## I. Background

In 1999, Plaintiff issued excess policy number CK00208650 (the "Policy") which covered Defendants as insureds. The Policy contains the following exclusion (the "Exclusion"):

> **Architect, engineer, or surveyor professional services.** We won't cover injury or damage that results from the performance of or failure to perform architect, engineer or surveyor professional services.
> Architect, engineer, or surveyor professional services includes:
>
> • the preparation or approval of any drawing and specification, map, opinion, report, or survey, or any change order, field order, or shop drawing; and
> • any architectural, engineering, inspection, or supervisory activity.

In December 2009, homeowners in the Anthem Country Club subdivision sued Defendants in a state Court action captioned <u>Weiss, et al. v. Del Webb Communities, Inc., et al.</u>, Case No. A605863 (the "Weiss Action"). The Amended Complaint in the Weiss Action asserts a class action claim for alleged structural seismic design defects, for intentional and negligent misrepresentation, and negligence. These allegations relate to fifteen models of homes built in Anthem Country Club Master Development designed by the structural engineering firm Bingham Engineering, Inc. for Defendants, without the seismic structural design required by the 1994 and/or 1997 Uniform Building Code.

In their complaint, the Weiss Action Plaintiffs allege the class members' common claim is that "[f]or each of the fifteen individual models [of single family homes] outlined above, . . . the constructional defect is the total omission of the seismic design required by the Uniform Building Code." In their Motion for Class Certification, the Weiss Action Plaintiffs state that the class asserts a "narrow single issue claim of defective designs" and that "there is only one claim at bar in the class action portion of this case, that claim being the Defendants' omission in the Bingham Plans of the code-required seismic stiffening designed to prevent or minimize damage during an earth movement event."

The Weiss Plaintiffs assert only claims for defective design of their homes and do not assert claims that the homes were not built according to the design specification. An expert report attached to the Weiss Plaintiffs' Motion for Class Certification states that the experts

> . . . performed field testing to determine if the homes had been modified subsequent to issuance of the permitted plans in our possession. That testing showed that the homes were built in general conformance with the drawings and revealed no evidence that this defect had been identified and remedied."

On December 15, 2011, the court in the Weiss Action granted the Weiss Plaintiffs' Motion for Class Certification and, on or about February 9, 2012, entered its Findings of Fact, Conclusions of Law, and Order Granting Motion for Class Certification (the "Class Certification Order"). The Class Certification Order states:

> Plaintiffs assert claims for damages arising out of allegations of construction defect with respect to homes built according to each of these 15 plans. Specifically, Plaintiffs contend that the Bingham Plans omitted the seismic structural stiffening required by the 1994 and 1997 Uniform Building Code for homes built in Southern Nevada.

The Weiss court stated that the claims were typical because "the defects alleged by Plaintiffs in the Amended Complaint are based on the same omission in the preparation of the Bingham Plans. If the Bingham Plans are deficient and flawed, every home built according to the Bingham Plans will share the same defects." The Weiss court further stated that common issues predominated because "there is only one class claim at issue. Since this singular claim is based upon the alleged seismic flaw in the design of the Bingham Plans, and the Bingham Plans were used to build every model of that particular home in The Anthem Country Club Subdivision, the predominance require[ment] . . . is met."

Defendants tendered the Weiss Action to Plaintiff for defense and indemnity under the Policy and Plaintiff has been funding Defendants' defense in the Weiss Action. Plaintiff filed this action, seeking declaratory relief on two bases: 1) that Plaintiff has no obligation to cover the alleged damages in the Weiss Action; and 2) that the Policy does not require Plaintiff to cover or indemnify Defendants because the Exclusion applies to the claims asserted in the Weiss Action.

II. Motion to Dismiss

The Declaratory Judgment Act ("DJA") provides in pertinent part, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).   In assessing a declaratory judgment action, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).  A federal court has substantial discretion when deciding whether to exercise jurisdiction over a declaratory action pursuant to the DJA.  See, e.g., Wilton v. Seven Falls Co., 515 U.S. 277, 282-283 (1995); Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494-95 (1942); Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800, 802 (9th Cir. 2002).  This discretion, however, is not limitless.  See Huth, 298 F.3d at 803.  The district court cannot be arbitrary or use personal whim when deciding whether to grant or deny jurisdiction over the declaratory action.  See Id.

The primary factors district courts consider when exercising discretion under the DJA were laid out by the Supreme Court in Brillhart.  See id.  The district court should 1) avoid needless determinations of state law; 2) discourage the filing of declaratory actions as a means of forum shopping; and 3) avoid duplicative litigation.  See id.  These factors are not necessarily exhaustive. Id. The Ninth Circuit also suggests other factors for district courts to consider.[1] In this case, the consideration of the primary Brillhart factors and the additional Dizol factors favor the Court exercising jurisdiction.

Defendants argue that the Court should abstain from exercising jurisdiction over this action and either dismiss or stay the case until the Weiss Action is resolved, because: 1) hearing the case

---

[1]The suggested factors are: 1) whether the declaratory action will settle all aspects of the dispute; 2) whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; 3) whether the declaratory action is being brought solely for procedural fencing or a res judicata advantage; 4) whether the declaratory action will result in entanglement between federal and state court systems; and 5) the convenience of the parties and the availability and convenience of other remedies.  See Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998) (quoting Am. States Ins. Co. v. Kearns, 15 F.3d 142, 145 (9th Cir. 1994) (Garth, J., concurring)).

would involve needless determination of state law; 2) there is a parallel proceeding in Nevada state court; and 3) because the lawsuit is premature.

### A. Determination of State Law

Defendants argue that no Nevada case addresses the question of whether the Exclusion applies to damages resulting from professional services performed by a third-party on behalf of the insured. According to Defendants, this would constitute a needless determination of state law. Defendants have not cited a single case from any jurisdiction suggesting that professional engineering and design services excluded from coverage under a general insurance policy would be covered under that policy when the excluded professional services are performed by a third-party engineering firm. It is settled law in Nevada that courts enforce insurance contracts according to their plain and ordinary meaning, so the Court is not making an unnecessary determination of state law by applying the unambiguous language of the Exclusion. See State Auto. Mutual Ins. Co. v. Alpha Engineering Services, Inc., 542 S.E.2d 876, 879 (W.Va. 2000) (that engineering services performed by third-party were excluded professional services was "plain and not ambiguous" so that "no interpretation of the language is necessary"). Accordingly, the Court finds that this factor does not weigh in favor of declining jurisdiction under the DJA.

### B. Parallel Proceeding

Where there is a parallel state court proceeding that "arise[s] from the same factual circumstances" and involves the same parties as the claim for declaratory relief, courts should generally abstain from exercising jurisdiction. Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 755 (9th Cir.1996); American National Fire Ins. Co. v. Hungerford, 53 F.3d 1012 (9th Cir.1995). However, "[t]he pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief," and "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." Id. Dizol, 133 F.3d at 1225 (citing Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1366-67 (9th Cir.1991)). A court may exercise its jurisdiction to determine an insurer's duty to defend and indemnify when the

determination would not raise issues that are duplicative of the underlying state court action.  See, e.g. Nautilus Ins. Co. v. K. Smith Builders, Ltd., 2010 WL 346457, 5 (D.Hawai'i 2010) (accepting jurisdiction in declaratory action to determine whether exclusion applied); Allstate Ins. Co. v. Gomez, 2009 WL 3018712, at *4 (D.Haw. Sept. 18, 2009) (rejecting argument that issues in underlying state liability action will be duplicative of issues in federal action seeking declaration regarding duty to defend and indemnify).

Defendants argue that this proceeding and the Weiss Action are parallel.  According to Defendants, the nature, cause, and timing of the alleged damages will be litigated in state court.  However, this case is not parallel to the Weiss Action because it does not involve the same parties, address the same legal issues, or require determination of the same facts.  The court in the Weiss Action has issued a Class Certification Order limiting the claims to the narrow issue of damages arising from the Bingham Plans. The Weiss Action Plaintiffs' only certified claims are for allegedly defective designs common to each home, not for individual damage, construction defects or any other damage.  The only damages the Weiss Action Plaintiffs seek are for remediation of the design defect caused by the Bingham Plans.  Because the Weiss Action court has expresssly limited claims to the design of the homes in the Bingham Plans, Plaintiff can demonstrate that the Exclusion applies without determination of the separate factual issues identified by Defendants.  See Gomez, 2009 WL 3018712, at *4 (accepting jurisdiction because plaintiff could show it had no duty to defend by "relying entirely on the allegations of the state court complaint").  Accordingly, exercise of jurisdiction is proper.

### C. Prematurity

Defendants argue that determination of this action is premature.  However, as explained more fully below, Defendants are unable to show that they will be able to discover facts demonstrating a concurrent cause for the design defect in the Bingham Plans.  Accordingly, dismissal on this basis is not warranted.

II.  Motion for Summary Judgment

      A. Standard for Summary Judgment

      Summary judgment shall be granted if there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of showing the absence of a genuine dispute of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual dispute for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

      All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587.  However, the nonmoving party must produce specific facts, by affidavit or other evidentiary materials similar to those described in Rule 56, to show that there is a genuine dispute for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Summary judgment motions can only be defeated by admissible evidence.  In re: Oracle Corporation Securities Litigation, 627 F.3d 376, 385 (9th Cir. 2010). "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."  Nilsson v. City of Mesa,  503 F.3d  947,  952  n. 2 (9th Cir.  2010) (citation  omitted).  An affidavit that contradicts the plaintiff's own deposition testimony is not sufficient to defeat summary judgment.  Orr v. Bank of America, 285 F.3d 764, 780 n. 28 (9th Cir. 2002).  Furthermore, "when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruing on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

      Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

7

B. Applicability of the Exclusion

The Nevada Supreme Court has held that "an insurance policy is a contract that must be enforced according to its terms to accomplish the intent of the parties." Farmers Ins. Exchange v. Neal, 119 Nev. 62, 64–65 (Nev.2003).  Courts examine the language of a policy "from the perspective of "one not trained in law" and give "plain and ordinary meaning to the terms." Id. Courts will not rewrite unambiguous language in policies, but any actual ambiguities "are to be resolved in favor of the insured." Id.   Nevada law requires that courts enforce unambiguous policy provisions that exclude coverage. See Senteney v. Fire Ins. Exch., 101 Nev. 654, 707 P.2d 1149, 1150 (1985).

Where two or more independent causes combine to harm a third party, liability coverage exists "whenever an insured risk constitutes a proximate cause of the third party's injuries even if an excluded risk is a concurrent proximate cause."[2] State Farm Mutual Auto. Ins. Co. v. Partridge, 514 P.2d 123 (1973) (holding that a gun shot injury sustained by a passenger in the insured's vehicle while hunting rabbits was covered by the insured's homeowner's policy when a covered risk, the insured's independent negligent act of modifying the trigger mechanism of his firearm, combined with an excluded risk, the insured's negligent operation of his motor vehicle, to cause the passenger's injuries).  This principle is known as the "concurrent causation" doctrine.

The concurrent causation doctrine established in Partridge is limited in its application. Garvey v. State Farm Fire & Casualty Co., 770 P.2d 704 (1989) "[I] n order for Partridge to apply, there must be two negligent acts or omissions . . ., one of which, *independently of the excluded cause*, renders the insured liable for the resulting injuries." Daggs v. Foremost Ins. Co., 148 Cal.App.3d 726, 729 (1983) (emphasis added); see, e.g., State Farm Fire & Casualty Company v. Camara, 63 Cal.App.3d 48 (1976) (holding the covered risk of negligently converting an automobile

---

[2] The "concurrent causation" doctrine has not received extensive treatment in Nevada cases, so the Court looks to California law.  Commercial Standard Ins. Co. v. Tab Constr., Inc., 94 Nev. 536, 583 P.2d 449, 451 (Nev.1978) (Nevada courts often look to California law where Nevada law is silent).

into a dune buggy was dependent upon its subsequent negligent operation, which was excluded under the policy); and <u>Safeco Ins. Co. v. Gilstrap</u>, 141 Cal.App.3d 524 (1983) (insured's liability for negligently entrusting their vehicle was dependent upon its negligent operation by their minor son and was therefore excluded under the policy, which excluded injuries arising out of use of a motor vehicle). "Courts following <u>Partridge</u> have made it clear that its holding only applies to multiple causes that operated totally independently of one another." <u>Medill v. Westport Ins. Corp.</u>, 143 Cal.App.4th 819, 835 (2006).

According to Plaintiff, there is no dispute that the Policy excludes coverage for damages which "result[] from the performance of or failure to perform architect, engineer or surveyor professional services … [including] the preparation or approval of any drawing and specification, map, opinion, report, or survey, or any change order, field order, or shop drawing; and any architectural, engineering, inspection, or supervisory activity." Plaintiff argues that Exclusion applies to the claim asserted in the Weiss Action because the Weiss Action's only certified class claim is for alleged defects in the structural engineering designs set out by the Bingham Plans.

Defendants do not dispute that the structural engineering design services rendered by Bingham, which are the sole class certified allegation of the Weiss Action, are professional services that fall within the Exclusion. Instead, Defendants argue that "if any cause (act, error, or omission) other than Bingham's allegedly negligent performance of engineering services contributed to the alleged hazardous condition in the homes, the [Exclusion] does not apply." According to Defendants, Plaintiff is required to consider evidence beyond the allegations in the Weiss Action in determining whether the Exclusion applies.

Defendants claim that they need additional discovery to determine if there was a concurrent cause which would defeat the Exclusion. For example, Defendants speculate that the underlying litigation may produce evidence that subcontractors were aware of the design defect in the Bingham Plans, had a duty to warn, breached that duty, and could have corrected the design defect. However,

even if this hypothesis is true, beach of a duty to warn of a design defect is not a concurrent cause because it is not an act or omission independent of the design defect.

Defendants cannot show that there was a concurrent cause which would defeat the Exclusion because the only allegation in the Weiss Action is that the homes were built using the allegedly defective Bingham Plans and are hazardous because they do not meet seismic codes.[3]  The only damages sought in the Weiss Action are damages relating to curing the design defect.  Defendants have failed to even postulate how the damages sought in the Weiss Action could be attributable to anything other than professional services which are subject to the Exclusion.  Accordingly, the Exclusion applies to the claim asserted in the Weiss Action relating to the Bingham Plans.  Partial summary judgment is granted in favor of Plaintiff on the second claim for declaratory relief.

C.  Standard for Additional Discovery

Rule 56(d) states that "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: ... allow time to obtain affidavits or declarations or to take discovery." Fed.R.Civ.P. 56(d)(2). "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; (3) the sought-after facts are essential to oppose summary judgment." Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir.2008).

In the affidavit attached to Defendants' opposition, Defendants merely repeat their contention that they do not yet "have access to the forensic evidence and analysis necessary . . . to determine whether its subcontractors did, or failed to do, things which contributed to the creation of the allegedly hazardous condition."  As explained above, the allegations in the Weiss Action are that the

---

[3] Plaintiff and Defendants dispute whether the allegedly defective condition is "property damage" caused by an "event" as defined by the Policy.  However, the Court need not address this question because of the limited scope of the claim in the Weiss Action.  The Court notes that its holding might be different if the Weiss Action Plaintiffs were claiming that their individual homes suffered actual structural damage or were improperly constructed, as opposed to having common design defect.

1 homes suffer from design flaws because the Bingham Plans did not comply with building codes.
2 Defendants fail to aver that specific facts exist which would show how subcontractors contributed to
3 the allegedly defective design of the Bingham Plans.  Accordingly, the request for additional time to
4 conduct discovery is denied.

5 <u>IV. Conclusion</u>

6     **IT IS HEREBY ORDERED** that Plaintiff St. Paul Fire and Marine Insurance Company's
7 Motion for Summary Judgment (#12) is **GRANTED** as to the second claim for relief.

8     **IT IS FURTHER ORDERED** that Defendants Del Webb Communities, Inc. and Terravita
9 Home Construction Company's Motion to Dismiss (#14) is **DENIED.**

10     DATED this 19th day of March 2013.

_____
Kent J. Dawson
United States District Judge